```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

BENJAMIN EDWARDS,

      Petitioner,

v.                                      Civil Action No. 5:16CV91
                                       (Criminal Action No. 5:11CR21-01)
UNITED STATES OF AMERICA,                                (STAMP)

      Respondent.

## ORDER DENYING PETITIONER'S § 2255 MOTION

On June 23, 2016, the petitioner filed a motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. ECF Nos. 1/77. The petitioner was sentenced as a Career Criminal under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. He argues that at least one of his predicate offenses was defined as a "crime of violence" under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2) and that, based on the United States Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), § 4B1.2(a)(2)'s residual clause is void for vagueness under the Fifth Amendment. In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court held that § 4B1.2(a)(2)'s residual clause is not unconstitutional because the Sentencing Guidelines "are not amendable to a vagueness challenge." Id. at 894. Accordingly, the petitioner's motion (ECF No. 1/77) must be DENIED.

Further, Rule 11(a) of the Rules Governing § 2254 and § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant" in such cases. This order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that the petitioner fails to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). This Court concludes that, based on the Supreme Court's holding in Beckles, reasonable jurists would not find this Court's ruling to be debatable. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate of appealability.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 6, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE